THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN RAMÓN MARTÍNEZ RIVERA ET AL., Defendants and Appellants.

No. CR-63-215.      Decided March 11, 1964.

*Harold Toro Toro,* counsel designated by the Supreme Court to assist defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Juan Ramón Martínez Rivera and Rafael Maldonado Arroyo were accused jointly of the offense of burglary in the first degree. Having been convicted by a jury they were sentenced to serve from one to six years and from one to five years in the penitentiary, respectively. They both appealed but since defendant Rafael Maldonado Arroyo did not perfect his appeal, the same was dismissed for abandonment.

The other appellant alleges that the trial court erred (1) in admitting in evidence the written confession obtained from the defendant through violence, coercion and threats; (2) in permitting that part of the confession be read to the jury in which the defendant made reference to oral statements made by the latter at police headquarters and which had already been excluded from the evidence; (3) in not instructing the jury that the People had the burden of proof to establish the voluntariness of the confession, and (4) in permitting the document containing the confession of the defendant to be taken by the jury to the deliberation room.

■ The first error was not committed. The evidence as to the voluntary character of the confession made by the appellant before District Attorney Agrait Oliveras was contradictory. The judge decided, as a question of law, that said confession was voluntary and then evidence was introduced before the jury so that it could decide whether as a question of fact said confession was voluntary. When the jury found him guilty it settled the conflict of the evidence against the appellant since the evidence for the prosecution merely established the corpus delicti and the confession of the defendant.

All the surrounding circumstances of the act of the confession justify a reasonable appreciation beyond any doubt that said confession was voluntarily given by the defendant.

■ In the second error appellant complains that the trial court permitted his confession to be read to the jury as to that part in which he stated "While I was in the Cantera on May 13, 1959 the detective questioned us and we told detective Policarpio Ruiz, who is the same one who is in the office of the district attorney, how we had broken into the business." He argues that the judge had already refused to admit in evidence the oral confession made by appellant to detective Ruiz at police headquarters and therefore it was

prejudicial to him that that part of the confession should go to the jury.

We do not believe that the error, if committed, was so prejudicial to appellant as to warrant the reversal of the judgment. In the first place those statements were part of the written confession of the defendant which was admitted in evidence as a voluntary confession. That is, the defendant voluntarily confessed to the district attorney that they had told detective Ruiz how they had broken into the burglarized business. The explanation of that fact is contained in the sworn statement of the defendant. It should be made clear here that the judge refused to admit in evidence the oral confession of the defendant made at police headquarters, not because it was obtained by violence, coercion or promises, but because at that moment in which it was produced the defendant was arrested and detained illegally. It is unnecessary now to pass on whether or not that ruling of the judge was correct. In the second place it was appellant himself, while he testified on the voluntariness of the confession, who conveyed the knowledge to the jury of the fact that he had accepted at police headquarters the commission of the offense charged against him, even if he did so, according to his testimony, to prevent being attacked. And lastly, the judge in his instructions to the jury limited the scope of that evidence for the purposes of determining whether the written confession had been obtained by means of coercion.

■ The third assignment refers to the absence of an instruction to the jury to the effect that the People had the burden of proof to establish the voluntariness of the confession. This error was not committed either.

Irrespective of whether appellant failed to object to the instructions, or to request that additional instructions be transmitted,[1] those transmitted to the jury on the confession

---

[1] See *People* v. *Negrón*, 79 P.R.R. 279, 284 (1956); *People* v. *Muñiz*, 73 P.R.R. 298 (1952); *People* v. *Feliciano*, 70 P.R.R. 834 (1950).

were sufficiently ample, clear and embracing as to cure the lack of the specific instruction of which appellant complains. It cannot be conceived that with such instructions the jury was led to error in considering and determining whether or not the confession was voluntary. The judge said to the jury that the evidence as to the voluntary character of the confession was contradictory; that it was up to them to determine, in the first place, after analyzing and weighing all the evidence, whether the confession was voluntary and if they believe that it was not, to discard the same and acquit the defendant. He added that if the jury had any reasonable doubt as to whether or not the confession was voluntary they should also discard it. In view of these and other lengthy instructions appearing from the record as to the confession presented in evidence we cannot agree with the appellant that the trial court committed a substantial error in failing to give the specific instruction to which we have already referred.

■ Finally, disposing of the fourth assignment of error, we do not believe that the fact that the jury had before it in the deliberation room the written confession of the defendant caused him any substantial prejudice. At the time that the case was tried—April 1960—we had not yet decided the case of *People* v. *Ramos*, 84 P.R.R. 542 (1962), invoked by appellant. According to our ruling in *People* v. *Cruz*, 87 P.R.R. 124 (1963); *People* v. *Santos*, 87 P.R.R. 593 (1963), and *People* v. *Couret Martínez*, 89 P.R.R. 56 (1963), and because of the fact that there exist similar circumstances between those cases and the present one, the error was not committed.

The judgment rendered by the Superior Court will be affirmed.